UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MARTIN MARIETTA MATERIALS, INC.**<br>    **Plaintiff** | * <br> * <br> * | CIVIL ACTION <br><br> NO.: 22-678 |
| **versus** | * <br> * | |
| **COASTAL BRIDGE COMPANY, LLC**<br>    **Defendant** | * <br> * <br> * | |

*   *   *   *   *   *   *   *   *   *   *   *   *

### COMPLAINT ON OPEN ACCOUNT AND BREACH OF CONTRACT

NOW INTO COURT, through undersigned counsel, comes plaintiff, Martin Marietta Materials, Inc.("MMM"), which respectfully represents:

1.

Plaintiff is a foreign corporation, incorporated in North Carolina, with its principal place of business in Raleigh, North Carolina. Plaintiff is a citizen of North Carolina.

Made defendant is:

a) Coastal Bridge Company, LLC ("Coastal"), a Louisiana limited liability company domiciled in and a citizen of East Baton Rouge Parish, State of Louisiana, with its principal place of business in East Baton Rouge Parish, State of Louisiana. Coastal is a Louisiana citizen because its two members are both Louisiana citizens.  More specifically, Coastal has two members, Kelly Sills and Coastal Investment Holdings, LLC:

  a. Kelly Sills is domiciled in and a citizen of East Baton Rouge Parish, State of Louisiana,

  b. Coastal Investment Holdings, LLC is a Louisiana limited liability company domiciled in and a citizen of East Baton Rouge Parish, State

of Louisiana, with its principal place of business in East Baton Rouge Parish, State of Louisiana, and it is a Louisiana citizen because its sole member is Kelly Sills who is domiciled in and a citizen of East Baton Rouge Parish, State of Louisiana;

## JURISDICTION AND VENUE

2.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) based on diversity and amount. The amount in controversy is $578,525.14 plus interest and costs. As detailed in paragraph 1, plaintiff is a foreign corporation and citizen of North Carolina, and upon information and belief, defendant is a domestic corporation and citizen of Louisiana.

3.

Venue is proper the Middle District of Louisiana, pursuant to 28 U.S.C. § 1391 because the defendant is domiciled in East Baton Rouge Parish, State of Louisiana.

## GENERAL ALLEGATIONS

4.

On or around November 6, 2018, through February 8, 2019, defendant agreed to purchase and plaintiff agreed to sell crushed stone aggregate to be used for construction, which upon information and belief was used for various construction projects.

5.

From on or around November 6, 2018, through February 8, 2019, plaintiff sold to and defendant took possession of the crushed stone in Tampa, Florida.

6.

Per defendant's agreement payment for the purchased crushed stone became due 30 days after receipt.

7.

On May 10, 2019, Plaintiff, Martin Marietta Materials, Inc., filed suit in the United States District Court for the Middle District of Louisiana entitled *Martin Marietta Materials, Inc. v. Coastal Bridge Company, Inc. and Coastal Bridge Company, LLC*, Civil Action No. 3:19-cv-00298 (the "Lawsuit"), docketed before Judge Brian Jackson, seeking collection of the principal amount of $578,525.14 plus attorneys' fees and interest pursuant to Louisiana's Open Account Statute, LSA R.S. 9:92781.

8.

Coastal appeared and answered the Complaint denying it owed the amount claimed.

9.

The matter was set for trial on July 14, 2021 before the District Judge without a jury, in the United States District Court for the Middle District of Louisiana

10.

On the morning trial was set to commence, the parties agreed to conditionally settle their respective claims arising out of the allegations as alleged in the Lawsuit.

11.

In connection with the agreed to settlement, the parties executed a Conditional Settlement Agreement (attached hereto as Exhibit "1").

12.

Pursuant to the terms of the Conditional Settlement, as security for full payment of the Settlement Amount and the performance of Coastal's payment obligations under the Conditional Settlement Agreement, Coastal and MMM executed a Joint Motion for Consent Judgment and corresponding Consent Judgment along with a Waiver of Service in the event Coastal materially breached the Conditional Settlement Agreement and MMM was forced to file a lawsuit to enforce the Conditional Settlement Agreement and execute the Consent Judgment.

13.

Pursuant to the Conditional Settlement Agreement, the Joint Motion for Consent Judgment, Consent Judgment, and Waiver of Service were to be held in trust by MMM's counsel, and it was agreed that MMM shall be authorized to enter and fully enforce the Consent Judgment in the event Coastal materially breached the terms and conditions of the Conditional Settlement Agreement.

14.

Per the terms of the Conditional Settlement Agreement, Coastal agreed to pay ten thousand dollars ($10,000.00) to MMM on or before July 21, 2021 and $10,000.00 for thirty-one consecutive months, beginning in August, 2021 (the "Settlement Period"). All monthly payments were due on the first (1st) day of the month and were to be made via wire transfer.

15.

Under the Conditional Settlement Agreement, in the event Coastal failed to make any monthly payment by the fifteenth (15th) of any month in which payment was due,

MMM was required to send correspondence notifying Coastal of its default of the Conditional Settlement Agreement.

16.

Per the Conditional Settlement Agreement, after notifying Coastal of its Default, Coastal had the right to cure its default of the Conditional Settlement Agreement by making payment of ten thousand dollars ($10,000.00) to be received by MMM within ten (10) days from the date the Notice of Default was sent to Coastal and its counsel.

17.

If Coastal failed to cure its default of the Agreement within ten (10) days from the date the Notice of Default was sent to Coastal and its counsel, Coastal would have materially breached the Conditional Settlement Agreement. All parties and counsel verified their consent to the settlement and to Plaintiff's right to have a consent judgment entered should defendant materially breach the agreement.

18.

All parties advised the Court presiding over the Lawsuit of the settlement agreement, and the Court issued a 60-Day Dismissal Order.

19.

As part of the Conditional Settlement, all parties and counsel signed a Joint Motion for Consent Judgment, and a Consent Judgment to be presented to the Court should defendant materially breach the Conditional Settlement Agreement.

20.

In connection with the Conditional Settlement Agreement, MMM has received from Coastal six payments of ten thousand dollars totaling sixty thousand dollars ($60,000.00).

21.

Coastal has failed to make multiple monthly payments under the agreement.

22.

Martin Marietta Materials, Inc. provided Coastal with a formal Notice of Default per the terms of the Conditional Settlement Agreement, but after the 10-day period passed, Coastal failed to cure its default.

23.

Therefore, Coastal has materially breached the terms and conditions of the Conditional Settlement Agreement and MMM is entitled to a Consent Judgment.

**WHEREFORE**, Plaintiff, Martin Marietta Materials, Inc. prays that upon filing and receipt this matter be docketed before Judge Brian Jackson and the there be a judgement and order on all causes of action in favor of plaintiff and against defendant providing as follows:

1. For the sum of $578,525.14, less $60,000.00 paid by Coastal;
2. Interest from May 10, 2019 at the legal interest rate allowed under Federal law;
3. For all costs, expenses, and attorney's fees incurred in connection with this suit; and
4. For all other relief as equity and justice of the cause may require or permit and all such other and further relief as the Court deems necessary and proper.

Respectfully submitted:

_/s/Christopher L. Williams_
EDWARD S. JOHNSON, T.A. (#7289)
CHRISTOPHER L. WILLIAMS (# 36086)
JOHNSON, YACOUBIAN & PAYSSE
4700 Poydras Street, Suite 4700
New Orleans, Louisiana 70139-7701
Telephone: (504) 528-3001
Facsimile: (504) 528-3001
E-Mail:  esj@jyplawfirm.com
         clw@jyplawfirm.com
Attorneys for Martin Marietta Company, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of September, 2022, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to those who are on the list to receive e-mail notices for this case, have enrolled in this Court's CM/ECF program and otherwise consented to receive notice and service via CM/ECF. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

_/s/Christopher L. Williams_