UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MARTIN MARIETTA MATERIALS, INC           CIVIL ACTION

VERSUS                                   22-CV-00678-SDD-RLB

COASTAL BRIDGE COMPANY LLC

**RULING**

Before the Court is a Motion for Default Judgment[1] filed by Plaintiff, Martin Marietta Materials, Inc. against Defendant, Coastal Bridge Company, LLC ("Coastal"), for failing to file an answer or any responsive pleadings in this case. Plaintiff's Motion for Default Judgment is denied for the following reasons.

Plaintiff filed suit against Coastal Bridge Company, LLC on September 26, 2022, seeking more than $500,000.00 in damages for breach of a settlement agreement.[2] Thereafter, Plaintiff requested and the Clerk of Court granted a preliminary default against Coastal in February of 2023.[3] Now, Plaintiff seeks a default judgment against Coastal for failure to answer or file any responsive pleadings.[4]

Plaintiff's Motion for Default Judgment must be denied for lack of sufficient proof of service of process. Rule 4 of the Federal Rules of Civil Procedure requires service of a summons and complaint. The record evidence does not meet the requirements of Rule 4—specifically, the mandatory contents of the summons and the manner of service.

---

[1] Rec. Doc. 14.
[2] Rec. Doc. 1.
[3] Rec. Doc. 13.
[4] Rec. Doc. 14.

Rule 4(a) requires a summons to include, among other things, a "state[ment of] the name and address of the plaintiff's attorney or—if unrepresented—of the plaintiff."[5] Plaintiff requested and was issued three different summonses directed to Coastal.[6] The first two were deficient and the third was not served, according to the record. On September 27, 2022, the Clerk of Court issued a summons to Coastal Bridge Company, LLC but did not identify plaintiff's counsel or disclose his address, as required by Rule 4(a)(1).[7] On October 11, 2022, the Clerk of Court issued another summons directed to Coastal Bridge Company, LLC but, again, did not identify Plaintiff's counsel.[8] In response to Plaintiff's third attempt to request a proper summons, on December 21, 2022 the Clerk of Court issued a summons to Kelly Sills of Coastal Bridge Company, LLC that correctly identified Plaintiff's counsel.[9] By then, Plaintiff's process server had already received the summons that he later tried to serve.[10] According to the Proof of Service in the record, Plaintiff's process server took receipt of a summons on December 14, 2022 and later served it on "Lisa—secretary" of Coastal Bridge, LLC.[11] The server could not have served the summons issued on December 21st. Plaintiff must have attempted to serve one of the two initial summonses that were deficient for failure to identify Plaintiff's counsel as required by Rule 4(a)(1).

Further, Plaintiff's service of the complaint and summons was insufficient according to the Proof of Service in the record. "'Service on a limited liability company

---

[5] FED. R. CIV. P. 4(a)(1)(C).
[6] Rec. Doc. 2, Rec. Doc. 6, Rec. Doc. 8.
[7] Rec. Doc. 2.
[8] Rec. Doc. 6.
[9] Rec. Doc. 8. Kelly Sills is understood to be an individual member and agent of the defendant LLC and a party to the underlying Settlement Agreement. *See* Rec. Doc. 1 p. 1, Rec. Doc. 1-1 p. 7.
[10] Rec. Doc. 11.
[11] Rec. Doc. 11.

("LLC") is governed by the same rules applicable to corporations.'"[12] There are two ways to serve a corporation, and thus an LLC.[13]

First, an LLC may be served in compliance with state procedure.[14] Louisiana procedural law prescribes that an LLC's designated agent may be personally served, if the LLC has a designated agent.[15] If there is no designated agent or if the person attempting service certifies that he has tried but is unable to serve the agent, the LLC may be served by personal service on a manager of the LLC, personal service of an employee, or long arm service.[16] The Proof of Summons identifies the secretary as the person served and does not contain a certificate of attempted service on a registered agent under Louisiana Civil Procedure Article 1226(B).

Second, Rule 4 allows service on an LLC by "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process."[17] In this case, the summons was delivered to the secretary of Coastal.[18] An LLC's secretary does not qualify as one of the acceptable recipients.[19]

The record lacks proof of proper service of a sufficient summons according to either method of service upon an LLC prescribed by Federal Rule of Civil Procedure 4.

---

[12] *Shorts v. Doe*, No. CIV. A. 16-00353-BAJ-RLB, 2017 WL 402057, at *1 (M.D. La. Jan. 30, 2017) (quoting *Joe Hand Promotions, Inc v. Behind the Fence, LLC*, No. CIV. A. 16-00196, 2016 WL 5416836, at *2 (W.D. La. Aug. 22, 2016)).
[13] FED. R. CIV. P. 4(h)(1)(A).
[14] FED. R. CIV. P. 4(e)(1)(A).
[15] LA. CODE CIV. PRO. art. 1226 (2023).
[16] LA. CODE CIV. PRO. art. 1226(B) (2023).
[17] FED. R. CIV. P. 4(h)(1)(A).
[18] Rec. Doc. 11.
[19] *See Shorts*, 2017 WL 402057, at *2 (M.D. La. Jan. 30, 2017) (finding that service upon a receptionist of an LLC was insufficient under Rule 4(h)(1)(B)).

Plaintiff's Motion for Default Judgment is denied without prejudice.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this  28th  day of September, 2023.

_____
**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**