UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MARTIN MARIETTA MATERIALS, INC     CIVIL ACTION

VERSUS                              22-CV-00678-SDD-RLB

COASTAL BRIDGE COMPANY LLC

## RULING

Before the Court is a Motion for Entry of Default[1] filed by Plaintiff, Martin Marietta Materials, Inc. ("Plaintiff"), seeking a judgment of default against Defendant, Coastal Bridge Company, LLC ("Coastal"), for failing to file any responsive pleadings in this case. Plaintiff's Motion for Entry of Default is denied for the following reasons.

Plaintiff filed suit against Coastal on September 26, 2022, seeking more than $500,000.00 in damages for breach of a settlement agreement.[2] This is Plaintiff's second request for a judgment of default from this Court. The first was denied for lack of sufficient proof of service within the record.[3] This request is denied for lack of a proper prior entry of default.

At Plaintiff's request, the Clerk of Court entered a default against Coastal on February 3, 2023.[4] Thereafter, the Plaintiff requested a default judgment confirming that entry from the Court.[5] That request was denied for lack of sufficient proof of service of process before the Entry of Default, and, in its ruling, the Court explained the procedural

---

[1] Rec. Doc. 36. Plaintiff titles its motion "Motion for Entry of Default" but seeks a judgment of default confirming the Entry of Default previously issued in this case.
[2] Rec. Doc. 1.
[3] Rec. Doc. 21.
[4] Rec. Doc. 13.
[5] Rec. Doc. 14.

law regarding service of process and pointed to specific deficiencies in Plaintiff's attempts to comply with the legal process.[6] Since that denial, this Court has continued to direct Plaintiff to the applicable service laws.[7]

Plaintiff now asserts that he cured the deficiencies in the February 2023 Entry of Default by obtaining a summons issued in January of 2024 and serving it on Defendant on March 12, 2024—almost one year after the Entry of Default.[8] Plaintiff did not seek or obtain another entry of default from the Clerk of Court after his purported March 12th service of the summons and Complaint. Plaintiff nonetheless continues to seek a judgment confirming the February 2023 Entry of Default that this Court previously ruled could not be confirmed for lack of proof of proper service before the default was entered.[9]

This Court cannot enter a judgment of default without the prior entry of a proper and valid default pursuant to Federal Rule of Civil Procedure 55 and Local Rule 55.[10] Accordingly, Plaintiff's June 11, 2024 Motion for Entry of Default seeking a judgment of default must be denied.

Plaintiff's Motion for Default Judgment is denied without prejudice.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 30 day of October, 2024.

*[signature]*
SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[6] Rec. Doc. 21.
[7] Rec. Doc. 32.
[8] Rec. Doc. 36; Rec. Doc. 33.
[9] Rec. Doc. 21.
[10] Fed. Rule 55; M.D. La. Local Rule 55.